PETER L. CARR, IV (#256104)
pcarr@thePLClawgroup.com
Na'Shaun L. Neal (#284280)
nneal@thePLClawgroup.com
Lauren K. McRae (# 331296)
lmcrae@thePLClawgroup.com
PLC Law Group, APC
3756 Santa Rosalia Dr., Suite #326
Los Angeles, CA 90008
Telephone: (310) 400-5890
Facsimile:  (310) 400-5895
Attorneys for Plaintiff
Emmitt Bryant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMITT BRYANT,<br><br>        Plaintiff,<br><br>   vs.<br><br>CITY OF LOS ANGELES; OFFICER JORDAN T. PATTON (#40574); OFFICER LUIS A. MEDINA (#44066); and DOES 1 THROUGH 10, inclusive,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EMMITT BRYANT complains of Defendants CITY OF LOS ANGELES, OFFICER JORDAN T. PATTON (#40574); OFFICER LUIS A. MEDINA (#44066); and Does 1 through 10, inclusive, as follows:

## VENUE AND JURISDICTION

1.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the City of Los Angeles, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## CLAIMS STATUTE REQUIREMENT

2.    The subject incident giving rise to the instant action occurred on August 6, 2024. Plaintiff filed a timely Governmental Claim for Damages with the City of Los Angeles on January 30, 2025. On February 6, 2025, the City of Los Angeles served its denial of Plaintiff's Claim for Damages.

## PARTIES

3.    At all times in this Complaint, Plaintiff Emmitt Bryant (hereinafter "Plaintiff" and "Mr. Bryant"), was and is a resident of the State of California in the County of Los Angeles.

4.    Defendant City of Los Angeles (hereinafter referred to as "CITY") is, and at all times in this Complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LOS ANGELES POLICE DEPARTMENT (hereinafter referred to as "LAPD") and its tactics, methods, practices, customs and usages.

5.    At all relevant times mentioned herein and material hereto, the Defendant OFFICER JORDAN T. PATTON (#40574) engaged in law enforcement as a

police officer, sergeant, captain, lieutenant, agent and/or representative of the LOS ANGELES POLICE DEPARTMENT, and acted in the course and scope of his employment.

6.      At all relevant times mentioned herein and material hereto, the Defendant OFFICER LUIS A. MEDINA (#44066) engaged in law enforcement as a police officer, sergeant, captain, lieutenant, agent and/or representative of the LOS ANGELES POLICE DEPARTMENT, and acted in the course and scope of his employment.

7.      At all relevant times mentioned herein and material hereto, the Defendant Does 1 through 10 (hereinafter "DOES" and "Defendant DOE Officers") engaged in law enforcement as police officers, sergeants, captains, lieutenants, and/or civilian employees, agents and representatives of Defendant CITY, duly employed as police officers by the LAPD, who acted in the course and scope of their employment at all times relevant to the acts and omissions herein alleged.

8.      Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.  The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.      Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

10.     On August 6, 2024, Emmitt Bryant, a Black man, entered the Los Angeles Metro's Hollywood/Vine Station at the Hollywood Boulevard entrance, located at

6250 Hollywood Boulevard in Los Angeles, California.

11.     Mr. Bryant used his Tap card to cross the turnstile.

12.     Once inside the station, Mr. Bryant saw LAPD Officer Jordan T. Patton (#40574) and Officer Luis A. Medina (#44066).

13.     When Mr. Bryant calmly approached Officers Patton and Medina to ask them a question, the officers aggressively told Mr. Bryant to step back.

14.     Despite Mr. Bryant's compliance, the officers continued to meet Mr. Bryant with unwarranted hostility.

15.     The officers threatened to run Mr. Bryant's name to find out whether he had a warrant.

16.     Mr. Bryant verbally criticized the officers and took his phone out of his pocket to record them.

17.     Suddenly, the officers forcibly restrained Mr. Bryant without any legal justification.

18.     Shortly after, the officer(s) tased Mr. Bryant multiple times.

19.     Additional officers arrived, and Mr. Bryant was handcuffed and searched.

20.     Officers eventually transported Mr. Bryant to Kaiser Permanente Hospital, located at 4867 West Sunset Boulevard in Los Angeles, California.

21.     While at the hospital, Officers informed Mr. Bryant that was arrested for trespassing.

22.     Mr. Bryant remained handcuffed for approximately 6 to 8 hours.

23.     Mr. Bryant received a Notice to Appear for violating California Penal Code 369i(b)(1) and was released from custody later that evening.

24.     As a direct and proximate result of Defendant Officers' conduct described above, Mr. Bryant has suffered serious physical injuries, including pain, numbness, stiffness, and abrasions. Additionally, Mr. Bryant has suffered and continues to suffer severe mental and emotional injuries, including loss of liberty, humiliation, embarrassment, and anxiety.

# FIRST CAUSE OF ACTION

## UNLAWFUL SEARCH & SEIZURE (42 U.S.C. § 1983)

### (Against Officer Jordan T. Patton (#40574), Officer Luis A. Medina (#44066) and DOES 1 through 10, inclusive)

25.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

26.     This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment, was violated when Defendant Officers searched, detained and arrested Mr. Bryant without any legal justification.

27.     As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful search and seizure, or because they failed to intervene to prevent these violations.

28.     The conduct of the Defendant Officers was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

29.     As a result of the Defendant Officers' conduct described above, Mr. Bryant suffered severe physical injuries. Additionally, Mr. Bryant has suffered and continues to suffer extreme emotional distress and severe mental anguish.

30.     Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks attorneys' fees pursuant to 42 U.S.C. § 1988 and litigation costs under this claim.

///

///

## SECOND CAUSE OF ACTION
## EXCESSIVE FORCE (42 U.S.C. § 1983)
## (Against Officer Jordan T. Patton (#40574), Officer Luis A. Medina (#44066)
## and DOES 1 through 10, inclusive)

31.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

32.     Plaintiff's right to be secure in their persons against unreasonable seizures as guaranteed to Plaintiffs under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment, was violated when Defendant Officer(s) tased Plaintiff. This use of force was excessive and unreasonable under the circumstances.

33.     Both prior to and during the time in which the Defendants injured Plaintiff, Plaintiff posed no reasonable threat of violence or danger to the Defendants or to any other individual. Plaintiff made no aggressive movements, furtive actions or physical movements that would have suggested to a reasonable officer that Plaintiff was armed with any kind of weapon or had the will or the ability to inflict substantial bodily harm against any individual.

34.     As a result of the aforementioned conduct, Plaintiff suffered serious physical injuries, including pain, numbness, stiffness, and abrasions. Additionally, Mr. Bryant has suffered and continues to suffer severe mental and emotional injuries, including loss of liberty, humiliation, embarrassment, anxiety.

35.     As a result of the conduct of Defendants, they are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent the violative conduct.

36.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

37.    Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks attorneys' fees pursuant to 42 U.S.C. § 1988 and litigation costs under this claim.

### THIRD CAUSE OF ACTION

### FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

### (Against Officer Jordan T. Patton (#40574), Officer Luis A. Medina (#44066) and DOES 1 through 10, inclusive)

38.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

39.    All of the acts of Defendants were done under the color of state law.

40.    Defendant Officer Jordan T. Patton (#40574), Officer Luis A. Medina (#44066) and DOES 1 through 10, inclusive, deprived Plaintiff of his rights, privileges, and immunities under the First Amendment of the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by forcibly detaining, tasing and arresting Plaintiff to retaliate against him for exercising her First Amendment rights to record and verbally protest and challenge the officers' conduct.

41.    Plaintiff's protected speech and conduct was a substantial or motivating factor in Defendants' decision to retaliate. This was demonstrated by, among other things, the fact that Defendants' aforesaid conduct occurred immediately following or soon after protected activities.

42.    As a direct and proximate result of the aforementioned unlawful acts of Defendants, Plaintiff sustained and incurred damages for physical injury and pain, emotional injury and pain, mental anguish, suffering, humiliation, embarrassment, as well as harm to his reputation in the community.

43.    Each of the Defendants were both personally involved and an integral participant in the violation of Plaintiffs constitutional rights, because each officer

was aware of unlawful actions of the others, did not object to these violations of Plaintiff's rights, and participated in the violations by performing police functions, including meaningful participation in the baseless arrest and needless use of force against Plaintiff.

44.    In doing the foregoing wrongful acts, Defendants each acted in reckless and callous disregard for Plaintiff's constitutional rights. Each wrongful act was willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future similar misconduct.

45.    Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks attorneys' fees pursuant to 42 U.S.C. § 1988 and litigation costs under this claim.

**FOURTH CAUSE OF ACTION**

**MUNICIPAL LIABILITY FOR UNLAWFUL CUSTOM AND PRACTICE**

**(42 U.S.C. § 1983)**

**(Against Defendant CITY)**

46.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

47.    Defendant CITY is and at all times herein mentioned, has been a public entity duly authorized and existing as such in and under the laws of the State of California. At all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LAPD officers and their tactics, methods, practices, customs and usages.

48.    At all times herein mentioned, Defendant Officers and each of them, were employees acting under the direction and control of the LAPD, who knowingly and intentionally promulgated, maintained, applied, and enforced the continuation of

policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution. Such customs, policies, practices and usages at all times herein mentioned, required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace officers employed by the LAPD.

49.    The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant CITY include, but are not limited to:

      a.  Defendant CITY had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful searches and seizures, dishonesty and retaliatory tactics, and corruption by LAPD employees, including the individual Officers herein, and refused, with deliberate indifference, to enforce established administrative procedures to ensure public safety, protection of civilians' rights and the Plaintiff's liberty interests;

      b.  Defendant CITY refused to adequately discipline individual employees found to have committed similar acts of misconduct;

      c.  Defendant CITY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by LAPD employees;

      d.  Defendant CITY failed to adequately supervise the actions of employees under its control;

      e.  Defendant CITY failed to adequately train its officers so as to avoid constitutional violations;

      f.  Defendant CITY condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating LAPD employees from civil liability and reducing or

dismissing criminal charges against individuals in return for releasing them from civil liability;

g. Defendant CITY tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

h. Defendant CITY tacitly condones and encourages use of excessive force on citizens, including the unlawful use of tasers and other less-lethal weapons;

i. Defendant CITY tacitly condones and encourages retaliatory arrests and harassment of individuals exercising their First Amendment rights;

j. Defendant CITY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by August 6, 2024, and thereafter, represented the unconstitutional policies, practices and customs of the CITY.

50.    The following are a list of incidents exemplifying the aforementioned policies, customs, practices and usages of Defendant CITY:

a. On January 3, 2023, LAPD officers repeatedly tased 31-year-old Keenan Anderson six times in 42 seconds during a traffic stop incident, resulting in his death hours later. Anderson, a Black man, had sought help from police after a car accident. The family filed a $100 million wrongful death lawsuit against the City.

b. Actor and director Damien Smith, a Black man, called 911 to report an intruder in his apartment. When LAPD officers arrived, they tased Smith approximately three times instead of apprehending the actual intruder. Smith had dropped a knife when asked and identified himself as the resident, but officers still used their tasers on him. Smith filed a lawsuit alleging racial profiling and First Amendment retaliation after the officers

targeted him for exercising his right to seek police assistance.

c. During Black Lives Matter protests following George Floyd's death, LAPD officers systematically used excessive force against peaceful protesters through unlawful deployment of rubber bullets, bean bag rounds, batons, and pepper spray. In *Black Lives Matter Los Angeles v. City of Los Angeles*, protesters alleged the LAPD used excessive force, arrested protesters without probable cause, and restricted their First Amendment rights. Deon Jones was awarded $375,000 by a jury that found his rights were violated when he was struck in the face by an LAPD projectile during a peaceful demonstration. David Bond received a $300,000 settlement after losing part of a testicle when shot by police with a less-lethal projectile during a peaceful protest.

d. Black Army veteran Slade Douglas was subjected to false arrest, excessive force, and forced hospitalization after calling 911 in August 2019. LAPD Officers Jeremy Wheeler and Jeffrey Yabana were found not entitled to qualified immunity for constitutional violations including unlawful detention, excessive force, retaliation and due process violations.

e. LAPD Commander Natalie Cortez filed a whistleblower retaliation lawsuit in May 2025 alleging she was demoted after raising concerns about officers' failure to turn on body-worn cameras and providing false information to the Police Commission. Captain Johnny Smith filed similar retaliation claims in February 2022 alleging retaliation over complaints about noncompliance with body-worn cameras and officers' use of bean bag rounds on protestors in 2020.

f. During the "No Kings" protests in June 2025, LAPD officers systematically used excessive force against peaceful protesters, including rubber bullets, bean bag rounds, tear gas, batons, and pepper balls. Marshall Woodruff was shot in the eye with a rubber bullet, fracturing his

cheek and tearing part of his eye open, requiring hours of surgery with questionable vision recovery. Multiple journalists were targeted with "less-lethal" bullets despite being clearly identified as press. Clifton Johnson, a passerby, was shot in his hand, causing a fractured wrist and nerve damage.

51. The decisions of the Officers to unlawfully detain, use excessive force against, and arrest Mr. Bryant without justification represents a larger systemic issue of predatory policing and a culture among LAPD that encourages violence and harassment, particularly towards Black Los Angeles residents exercising their constitutional rights.

52. CITY had actual notice that its Officers were ill-prepared and biased in respect to field contacts with African American men and the use of physical force against African American men.

53. By reason of the aforesaid policies, customs, practices and usages, Plaintiff's rights under the First, Fourth and Fourteenth Amendments of the United States Constitution were violated.

54. On information and belief, Defendant Officers involved in the aforementioned incident have not been adequately disciplined by Defendant CITY or LAPD for their actions against Plaintiff.

55. On information and belief, the escalation of a simple question into a violent arrest and tasing was ratified by Defendant CITY and LAPD by failing to discipline any officer involved or modify training to address this type of situation in the future.

56. Defendant CITY has acted with deliberate indifference to Plaintiff's constitutional rights. As a proximate result of these acts, Plaintiff's constitutional rights have been violated, causing him to suffer physical injuries, emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

57. On information and belief, Defendant Officers involved in the

aforementioned incident have not been reprimanded or sanctioned by Defendant CITY or LAPD for their actions against Plaintiff.

58.     On information and belief, the extreme escalation of a verbal command into a violent arrest was ratified by Defendant CITY and LAPD by failing to discipline any officer involved or modify training to address this type of situation in the future.

59.     Defendant CITY has acted with deliberate indifference to Plaintiff's constitutional rights. As a proximate result of these acts, Plaintiff's constitutional rights have been violated, causing him to suffer physical injuries, emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

60.     Accordingly, the CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff also seeks attorneys' fees pursuant to 42 U.S.C. § 1988 and litigation costs under this claim.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE (Cal. Govt. Code §§ 815.2(a), 820(a))

## (Against All Defendants)

61.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

62.     Plaintiff is informed and believes and thereon alleges that Defendant Officers and each of them, while acting in their individual and official capacities as peace officers, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to:

   a) Negligently threatening to run Plaintiff's name to find out whether he had a warrant without reasonable suspicion or probable cause;

   b) Negligently restraining and detaining Plaintiff without a warrant, probable cause, or reasonable suspicion;

      c) Negligently deploying their tasers against Plaintiff multiple times without justification; and

      d) Negligently arresting and searching Plaintiff without a warrant, probable cause, or reasonable suspicion.

63.   As a result of their conduct, Defendant Officers are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

64.   All of these negligent acts proximately caused severe injuries to Plaintiff, as described herein.

65.   As a result of these acts, Plaintiff was placed in fear of his life and physical wellbeing. Moreover, due to the negligent acts of each of these individual Defendants, Plaintiff has suffered physical injuries including pain, numbness, stiffness, and abrasions, as well as ongoing mental and emotional distress.

66.   Defendant CITY is liable under Cal. Govt. Code §§ 815.2(a) and 820(a) for Plaintiff's injuries proximately caused by the negligent acts and omissions of its employees, described above.

67.   The conduct of individual Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants, individually.

**SIXTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Cal. Govt. Code §§ 815.2(a), 820(a))**

**(Against All Defendants)**

68.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

69.   Defendant Officers, while working as peace officers for CITY and acting

within the course and scope of their duties, threatened to run Mr. Bryant's name to find out if he had a warrant, forcibly restrained Mr. Bryant, deployed TASERS multiple times, handcuffed Mr. Bryant, searched and arrested Mr. Bryant. These actions occurred in the absence of consent, a warrant, exigent circumstances, reasonable suspicion, and probable cause. Defendants also subjected Plaintiff to an unfounded misdemeanor charge.

70.     By way of the foregoing intentional acts and omissions, Defendant Officers caused Mr. Bryant extreme physical and emotional distress, including significant physical pain and suffering.

71.     Defendant City is liable under Cal. Govt. Code §§ 815.2(a) and 820(a) for Plaintiff's injuries proximately caused by the intentional acts and omissions of its employees, described above.

72.     The conduct of individual Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants, individually.

## SEVENTH CAUSE OF ACTION

## FALSE ARREST/ FALSE IMPRISONMENT (Cal. Govt. Code §§ 815.2(a), 820(a))

## (Against All Defendants)

73.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

74.     Defendant Officers Jordan T. Patton (#40574), Luis A. Medina (#44066), and DOES 1 through 10 intentionally caused Plaintiff to be arrested and imprisoned without a warrant, probable cause, or reasonable suspicion.

75.     Mr. Bryant was lawfully present at the Hollywood/Vine Metro Station, having paid his fare and used his Tap card to enter. He committed no crime and

posed no threat to officers or others.

76.     Defendants restrained Plaintiff's freedom of movement by forcibly detaining him, handcuffing him, and arresting him on a false charge.

77.     Plaintiff was imprisoned against his will for approximately 6 to 8 hours while handcuffed and in police custody, including during transport to and treatment at Kaiser Permanente Hospital.

78.     As a result, Plaintiff endured pain and suffering, extreme mental and emotional distress, physical injuries including pain, numbness, stiffness, and abrasions, costs of suit and other pecuniary losses in an amount not yet ascertained. Defendants' aforesaid conduct was a substantial factor in causing Plaintiff's harm.

79.     Defendant CITY is liable under Cal. Govt. Code §§ 815.2(a) and 820(a) for Plaintiff's injuries proximately caused by the intentional acts and omissions of its employees, described above.

80.     The conduct of Defendants, individually, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Mr. Bryant entitling Plaintiff to an award of exemplary and punitive damages against the individual Defendants.

## EIGHTH CAUSE OF ACTION

### ASSAULT AND BATTERY (Cal. Govt. Code §§ 815.2(a), 820(a))

### (Against All Defendants)

78.     Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

79.     Defendant Officers Jordan T. Patton (#40574), Luis A. Medina (#44066), and DOES 1 through 10 assaulted and battered Plaintiff by acts which included but were not limited to:

        a) Forcibly grabbing and restraining Plaintiff's person;

        b) Making unwanted physical contact with Plaintiff during the detention;

    c)  Deploying tasers against Plaintiff multiple times, causing him to suffer pain, numbness, stiffness, and abrasions; and

    d)  d. Handcuffing and searching Plaintiff with consent or justification.

81.  Each of the Defendant Officers were both personally involved and an integral participant in the assault and battery of Mr. Bryant because each officer was aware of unlawful actions of the other officers, did not object to these violations of Plaintiff's rights, and participated in the violations by performing police functions, including meaningful participation in the needless use of force against Plaintiff.

82.  Both prior to and during the time in which he was assaulted and battered, Plaintiff did not commit a crime, was not armed with any kind of weapon and posed no reasonable threat of violence to the Defendant Officers, nor to any other individual. When attacked, as described herein, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he had the will or ability to inflict bodily harm against any individual.

83.  As a result of the above alleged conduct, Plaintiff was placed in great fear for his life and physical well-being. Additionally, due to the wrongful, intentional and malicious acts of the Defendant Officers, Plaintiff has suffered and will continue to suffer extreme pain, humiliation and mental anguish.

84.  The aforementioned acts and omissions alleged herein were intended by each Defendant Officer to cause injury to Plaintiff and were done with a conscious disregard for the rights and safety of Plaintiff, as the acts and omissions were willful, wanton, malicious and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

85.  Defendant CITY is liable under California Government Code Section 815.2(a) for Plaintiff's injuries proximately caused by the assault and battery

committed by its employees, described above.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE BANE ACT (Cal. Civil Code §§ 52 and 52.1; (Cal.

## Govt. Code §§ 815.2(a), 820(a))

## (Against All Defendants)

86.     Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

87.     As alleged herein, Defendants Officer Jordan T. Patton (#40574), Officer Luis A. Medina (#44066), and DOES 1 through 10, acting in the course and scope of their employment as police officers for the CITY, intentionally interfered with Plaintiff's rights under state and federal laws and under the state and federal constitution including, without limitation:

a) The right to be free from unreasonable search and seizure;

b) The right to due process;

c) The right to bodily integrity;

d) The right to freedom of speech and expression under the First Amendment;

e) The right to record police officers in the performance of their duties;

88.     Defendants violated these rights by way of threats, intimidation, coercion, and the use of excessive force, specifically by:

a) Aggressively confronting Mr. Bryant for asking a question;

b) Threatening to run his name for warrants without justification;

c) Retaliating against him for verbally criticizing their conduct and recording them;

d) Using tasers against him multiple times without legal justification;

e) Wrongfully searching and arresting him; and

f) Keeping him handcuffed and detained for approximately 6 to 8 hours.

89.     As a direct and proximate cause of Defendants' actions and inactions, individually and as peace officers, Mr. Bryant suffered and continues to suffer serious emotional and physical injuries including pain, numbness, stiffness, abrasions, humiliation, embarrassment, and anxiety, for which he is entitled to recover damages.

90.     Defendant CITY is liable under Cal. Govt. Code §§ 815.2(a) and 820(a) for Plaintiff's injuries proximately caused by the intentional acts and omissions of its employees, described above.

91.     The conduct of Defendants, individually, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Mr. Bryant entitling Plaintiff to an award of exemplary and punitive damages against the individual Defendants.

92.     Plaintiff seeks statutory damages under California Civil Code §52.1(i), as well as compensatory and punitive damages according to proof.

///

///

///

## **PRAYER**

WHEREFORE, PLAINTIFF requests entry of judgment in his favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2. For special damages according to proof;

3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;

4. For prejudgment interest;

5. For attorney's fees pursuant to 42 U.S.C. § 1988 & California Civil Code § 52.1 (h);

6. For reasonable costs of this suit incurred herein;

7. For such other and further relief as the Court may deem just, proper and appropriate.

Dated:  August 5, 2025                          **PLC LAW GROUP, APC**

                                                     _/s/Lauren K. McRae_____
                                                     Peter L. Carr, IV
                                                     Na'Shaun L. Neal
                                                     Lauren K McRae
                                                     *Attorneys for Plaintiff Emmitt Bryant*

## <u>DEMAND FOR JURY TRIAL</u>

PLAINTIFF hereby respectfully demands a trial by jury on all issues and claims.

Dated:  August 5, 2025

**PLC LAW GROUP, APC**

_/s/Lauren K. McRae_
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K McRae
_Attorneys for Plaintiff Emmitt Bryant_